## KEMPF VS. RIEMER, impleaded, etc.

*Instructions to jury.*

The jury were instructed that if they were satisfied from the evidence of the truth of a certain proposition, *or* of a certain other proposition, *or* of a certain third proposition, and so on with several additional propositions all stated *disjunctively*, then their verdict must be for the plaintiff. Exception having been taken by defendant to "the last clause" of such instruction, they were further charged "that if all or some one of the alternatives presented had not been sustained by the testimony, the verdict must be for defendants." *Held*, that under the latter instruction a verdict for the plaintiff implies that the jury found affirmatively upon *all* the propositions included in the former; and since one of those propositions was of such a character that an affirmative finding thereon would sustain the verdict and judgment, any error in the others is immaterial.

APPEAL from the County Court of *Milwaukee* County.

The defendant *Riemer* appealed from a judgment in favor of *Kempf*, against *Riemer* and *Schrœder* as copartners. The opinion states the case.

*R. N. Austin*, for appellant, argued, *inter alia*, that to charge a person with the debts of a firm, on the ground that he held himself out to the world as a partner, plaintiff must show affirmatively that the defendant so represented to him, or that it came to his knowledge that defendant so held himself out. *Irwin v. Conklin*, 36 Barb., 64. And the court erred in charging the jury that "if, after the goods were received, *Riemer* ex-

ercised acts of ownership, in reference to the goods in question, then the defendants were liable." To establish such a rule would be to make one partner liable for all the debts contracted by his copartner for goods which the latter turned into the partnership stock, no matter when or how acquired.

*Mann & Cotzhausen*, for respondent, insisted that, although that portion of the charge objected to might be wrong as an isolated proposition, yet if it clearly appears from the whole case that the verdict and judgment are right, the judgment will not be reversed. *Manny v. Glendinning*, 15 Wis., 50; *Edmiston v. Garrison*, 18 Wis., 594.

COLE, J. This action is brought to recover the value of a cask of wine alleged to have been sold the defendants as copartners. The wine was purchased of the plaintiff in New York city on an order sent by the defendant *Schrœder*, November 12, 1870. The defendants had made arrangements for forming a copartnership, and a notice of the partnership was published and business cards circulated, though whether this notice or the partnership cards came to the knowledge of the plaintiff before the sale of the wine is left in doubt. There was testimony tending to prove that the wine, when received, was put in the cellar of the defendant *Riemer*, and that he paid the freight upon it.

The defense interposed was, that no partnership in fact existed when the wine was purchased, and that the defendants had only agreed to go into partnership some time in December, after the goods were ordered by *Schrœder*. The controversy in the case was, whether the defendant *Riemer* was chargeable as a partner on the ground that a partnership in fact existed when the wine was purchased by *Schrœder*, or whether he had become liable in consequence of suffering himself to be held out to the world as a partner before such purchase.

The errors relied on for a reversal of the judgment arise upon the charge of the court. The court charged the jury that if

they were satisfied from the evidence that the defendants had become partners before the sale of the goods in question; or if they were satisfied from the testimony that the cards had been printed, or the notice of partnership published, with the knowledge or consent of *Riemer ;* or that, after the cards were printed, *Riemer* circulated or permitted the circulation ; or if *Riemer* held himself out as a partner, or allowed or suffered himself to be held out as the partner of *Schrœder ;* or if he, knowing that *Schrœder* held him out as partner, did not repudiate it before the sale of the bill of goods in question ; or if, after the goods were received, *Riemer* exercised acts of ownership in reference to the goods in question — then they were liable, and the verdict must be for the plaintiff.

The defendant excepted to the "last clause of the instruction given by the said judge."

The court further charged that if all or some one of the alternatives presented had not been sustained by the testimony to the satisfaction of the jury, the verdict must be for the defendants.

Now it is insisted that the court erred in directing the jury that if *Riemer* exercised acts of ownership over the goods after they were received, or, knowing that *Schrœder* held him out to the world as a partner, did not repudiate such conduct before the sale of the goods, then he was liable as a partner. Whatever force there might otherwise be in this criticism, it is evident that it is entitled to no weight in view of the concluding portion of the charge. For the jury were told that if they found any of the alternatives presented not sustained, the verdict must be for the defendants. One of the alternative propositions was, that the jury must be satisfied from the evidence that the defendants had become partners, and the direction was that the jury must affirm that proposition or find that fact in the affirmative to entitle the plaintiff to recover. If the jury found that a partnership did in fact exist when the wine was purchased, it is quite immaterial whether the court was right

in the other portions of the charge or not. And the jury must have found that a partnership did in fact exist at that time. For the court made it essential to the plaintiff's recovery that every proposition disjunctively stated in the charge should be affirmatively found from the evidence. If there was error in this charge, it is surely in favor of the defendants.

*By the Court.*— The judgment of the county court is affirmed.